AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA  Harrell)                          20-125

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  20-2089-M |
| TYLER MOURY | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____see attached affidavit____ in the county of ____Chester____ in the ____Eastern____ District of ____Pennsylvania____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) | Manufacture/attempted manufacture of child pornography |
| 18 U.S.C. 2252(a)(2) | Distribution/attempted distribution of child pornography |
| 18 U.S.C. 2252(a)(4)(B) | Possession of child pornography |

See Attachment A

This criminal complaint is based on these facts:
See attached affidavit.

❐ Continued on the attached sheet.

/s/ Jennifer A. Morrow
_____
*Complainant's signature*

Jennifer A. Morrow, Special Agent, FBI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____12/10/2020____

/s/ Honorable Richard A. Lloret
_____
*Judge's signature*

City and state: ____Philadelphia, PA____

Honorable Richard A. Lloret, U.S.M.J.
_____
*Printed name and title*

## AFFIDAVIT OF PROBABLE CAUSE

I, Jennifer A. Morrow, a Special Agent with the Federal Bureau of Investigations (FBI), being duly sworn, depose and state as follows:

## INTRODUCTION

1.      I have been employed as a Special Agent of the FBI for 18 years, and am currently assigned to the Philadelphia Division Violent Crimes Against Children Squad in the Newtown Square Resident Agency.  While employed by the FBI, I have investigated federal criminal violations related to violent crime, drug trafficking, kidnapping, and the FBI's Innocent Images National Initiative, which investigates matters involving the online line sexual exploitation of children.  I have gained experience through training at the FBI Academy, training at the Innocent Images Unit of the FBI, various conferences involving Innocent Images and Crimes Against Children, and everyday work related to conducting these types of investigations.  As part of my daily duties as an FBI agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252(a).  I have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  I have also participated in the execution of numerous search warrants, a number of which involved child exploitation and/or child pornography offenses.

2.      As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

3.      Your Affiant is investigating the activities of TYLER MOURY, who used a minor, with the intent that the minor engage in sexually explicit conduct for the purpose of

1

producing any visual depiction of such conduct, and attempted to do so, in violation of Title 18, United States Code, Section 2251(a), used a computer device connecting to the Internet to distribute and attempt to distribute child pornography, in violation of Title 18, United States Code, Section 2252(a)(2), and possessed child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

4.      All information contained in this affidavit is based either on my personal knowledge or the knowledge of other law enforcement officers/agents involved with this investigation.  Because this affidavit is being submitted for the limited purpose of securing an arrest warrant; I have not included every fact known to this investigation.  I have set forth only the facts that are believed to be necessary to establish probable cause.

## BACKGROUND OF THE INVESTIGATION

5.      On October 22, 2018, an FBI Undercover Employee (UC), operating in a covert capacity, accessed the undercover KIK Messenger account of "Katie.l13," which has a profile of an 11-year-old girl and includes a profile photograph of a young girl who appears to be approximately 11 years old.  The UC engaged in an instant message (IM) chat with a KIK user "dubstep_66," who, as described below was later identified as the defendant, Tyler MOURY. MOURY's communications with the UC evidenced that he believed the UC was a prepubescent female.

6.      During this chat session, "dubstep_66" sent multiple videos and photographs to the UC.  Three videos and one photograph appeared to be child pornography.  **(Count Three – Attempted Distribution of Child Pornography).**  The following is a description of the content:

2

- Video 1:  A recording depicting a naked, prepubescent female touching her breasts and vagina;

- Video 2:  A recording depicting a naked, prepubescent female covered by a black sheet above her waist.  The child's feet are bound with cloth to keep her legs spread, and an adult male is performing vaginal sex on her;

- Video 3:  A recording depicting a naked, prepubescent female being digitally penetrated by an unidentified adult;

- Photograph 1: A photograph depicting a naked, prepubescent female performing oral sex on an adult male.

7.     The UC took screen shots of the "dubstep_66" KIK profile page, the chats, and the videos and photograph described above.  Your Affiant has reviewed these files and submits that they are accurately described above and constitute images of child pornography, within the meaning of 18 U.S.C. § 2256.

8.     An administrative subpoena was issued to KIK for records associated with user "dubstep_66."  On November 1, 2018, KIK responded to the subpoena and indicated that the account associated with user "dubstep_66" was registered on June 28, 2017 with the name "TRIPPER FUCK YOU."  The account utilized IP address 98.115.181.85 between September 30, 2018 and October 22, 2018.  The account also used the same IP address on October 29, 2018. 09/30/2018 thru 10/22/2018.  Further investigation determined that the IP address was operated by Verizon.

9.     An administrative subpoena was issued to Verizon for the subscriber information for the IP address 98.115.181.85 used by KIK user "Dubstep_66."  Verizon records indicated

that the identified IP address was assigned to Donna Froelich, 1xx Black Road, Coatesville, Pennsylvania 19320, between August 2, 2018 and November 15, 2018.  The account information indicated that the account was created on October 28, 2009 by Donna Froelich, 1xx Black Road, West Caln, Pennsylvania 19320 and was still an active account in November 2018.  Further investigation revealed that Donna Froelich is the deceased maternal grandmother of TYLER MOURY.

10.     Checks with the Pennsylvania Department of Transportation in November 2018 showed Thomas and Tracy Moury with current driver's licenses at the same address on Black Road, Coatesville, Pennsylvania 19320.  In addition, TYLER MOURY, DOB: 12/xx/1991, had a current Pennsylvania Department of Transportation identification card with an address of 1xx Black Road, Coatesville, Pennsylvania 19320.

11.     The profile picture associated with KIK user "dubstep_66" appeared to be the same person as the male depicted in the Pennsylvania state identification for TYLER MOURY.

12.     A criminal history check for TYLER MOURY showed an April 2016 arrest by the West Caln Township Police Department for numerous sexual offenses, including but not limited to, Aggravated Indecent Assault (complainant is unconscious or unaware that penetration is occurring), in violation of 18 Pa.C.S. §§ 3125(a)(4) and 3125(a)(8) where the complainant is less than 16 years of age, Statutory Sexual Assault, in violation of 18 Pa.C.S. § 3122.1(B), and Corruption of Minors, in violation of 18 Pa.C.S. § 6301.

13.     Court of Common Pleas of Chester County records indicate that MOURY was released on bail on April 12, 2016 and listed his address with the court and the pretrial supervision program as the same residence on Black Road, Coatesville, Pennsylvania 19320.

4

14.     On December 17, 2018 a federal search warrant (18-2005-M) was executed at the Black Road, Coatesville, Pennsylvania residence of TYLER MOURY.  MOURY and his parents, Thomas and Tracy Moury, were home at the time of the execution of the search warrant. Numerous electronic devices, including laptops, tablets, and cellular telephones were seized pursuant to the search warrant.

15.     An iPhone 6, serial number 355790072605428, and an LG Stylo 4 cell phone, serial number 35538809111842, were both seized from the bedroom identified as belonging to TYLER MOURY on December 17, 2018 pursuant to federal search warrant (18-2005-M). These devices contained in excess of 30,000 images and videos of child pornography between the two devices.  The images and videos contained themes of sadomasochistic conduct involving children and bestiality involving children.  Some of the images also depicted prepubescent children.  **(Count Four – Possession of Child Pornography).**  Some of these files were created on the devices as recently as December 17, 2018.  Both of these devices had KIK accounts associated with them and the KIK name "TRIPPER FUCK you!!!," which is consistent with the KIK account that distributed child pornography images to the FBI UC in October of 2018.

16.     In coordination with Chester County District Attorney's office regarding their pending sexual offense charges against TYLER MOURY, the FBI requested a re-examination of MOURY's Apple iPhone 6s (serial number F2LQL1CBGRX7), a cell phone that was seized pursuant to a state authorized search warrant by the West Caln Township Police Department on February 23, 2016, but was unable to be unlocked and accessed at that time.  On October 1, 2018, a second state search warrant, based on new technologies available to access the locked device, was requested and obtained for MOURY's Apple iPhone 6s (serial number F2LQL1CBGRX7).

17.     A review of the forensic examination of Apple iPhone 6s revealed a series of nine still images and nine videos of the identified victim (hereinafter "Minor 1") in Chester County's case against MOURY.  The images and videos depict Minor 1's vagina and buttocks, including several with her vagina being digitally penetrated by MOURY.  The metadata associated with these images revealed that these 18 media files were captured on February 6, 2016 and February 7, 2016, when Minor 1 would have been 15 years old and MOURY would have been 24 years old, and geo-locate to MOURY's residence on Black Road, Coatesville, Pennsylvania 19320.

18.     During the course of Chester County's investigation of MOURY's sexual offenses against Minor 1, Chester County detectives obtained Minor 1's Apple iPhone cell phone and received consent to search it.  A review of the forensic examination results of Minor 1's cell phone revealed ongoing communications between MOURY and Minor 1 via Skype, Snap Chat, and KIK in 2016.  In addition to the communications, there were numerous images of Minor 1 engaged in sexually explicit conduct including masturbation, lascivious exhibition of her genitals, and various sexual acts involving bestiality at MOURY's instruction.  For example, on February 18, 2016, MOURY, using the Skype name "tylermoury," Skype messaged Minor 1, "Nvm just let them eat you out and moan while they do it baby," referring to Minor 1 allowing her dogs to perform oral sex on her.

19.     On March 9, 2020, Your Affiant interviewed Minor 1 regarding her relationship with MOURY.  Minor 1 reported that she met MOURY online in early February 2016, when she would have been 15 years old and MOURY would have been 24 years old.  After a few days, MINOR 1 met MOURY in person at MOURY's residence on Black Road in Coatesville. MOURY provided Minor 1 with drugs and alcohol, and they engaged in various sexual acts. MOURY used his cell phone to take pictures of some of their sexual acts at his residence and

other non-pornographic pictures of Minor 1.  On occasion, MOURY used Skype to call other

people (unknown to Minor 1) and live stream his sexual acts with Minor 1.  Minor 1 reported

that MOURY expressed interests in incest and bestiality.  After meeting in person for the first

time, MOURY and Minor 1 continued communicating on various online messaging applications,

including Skype, Snap Chat, and KIK.  Minor 1 reported that, during some of these

communications, at MOURY's direction, she took videos of herself masturbating and engaged in

other sexual acts, and sent them to MOURY.   Minor 1 reviewed the Skype chat described above

from February 18, 2016, and identified it as communication between herself and MOURY.

Minor 1 reported that, in this chat, MOURY was instructing her to allow her dogs to perform

oral sex on her.  MOURY had asked Minor 1 to do this in the past and she had agreed, recorded

the videos, and sent it to MOURY on numerous occasions.  Videos depicting Minor 1 engaged in

this activity were recovered from her cell phone.

20.     Minor 1 reviewed, at Your Affiant's request, a series of images and videos that

were recovered from her cell phone and from the Apple iPhone 6s seized from MOURY in 2016,

for identification purposes.  For purposes of this complaint warrant, only one image per day is

being described in this affidavit, one of which is the subject of **Count One,** as detailed below,

and the others as background information.  The following digital files were positively identified

by Minor 1 as taken by MOURY or taken by Minor 1 at the direction of MOURY:

| Creation Date | Device | Description of Image |
|---|---|---|
| 02/06/2016 | MOURY's Apple iPhone 6s | Minor 1's vagina and buttocks |
| 02/07/2016 | MOURY's Apple iPhone 6s | MOURY digitally penetrating Minor 1's vagina<br><br>**(Count One – Manufacture/Attempted Manufacture of Child Pornography)** |

| 02/15/2016 | Minor 1's Phone | MOURY digitally penetrating Minor 1's vagina |
|---|---|---|
| 02/16/2016 | Minor 1's Phone | Four videos depicting Minor 1 engaged in bestiality |
| 02/17/2016 | Minor 1's Phone | Minor 1's vagina and buttocks and Minor 1 masturbating |
| 02/18/2016 | Minor 1's Phone | Videos of Minor 1 engaged in bestiality |
| 02/19/2016 | Minor 1's Phone | Minor 1 masturbating |

21.     Minor 1 reported that MOURY introduced a third person into their relationship,

another minor female (hereinafter Minor 2), whom MOURY described as his transgendered

friend.  MOURY initiated Skype group chats and instructed the girls to role play an incest sexual

fantasy with him as the father, Minor 1 as the daughter, and Minor 2 as the son.  Minor 1

reported that MOURY Skyped Minor 2 to have her watch while Minor 1 performed oral sex on

MOURY.  Minor 1 reviewed a still image of Minor 2 recovered from the forensic examination of

MOURY's Apple iPhone 6s seized by Chester County detectives and positively identified the

image as MOURY's transgendered friend.

22.     Through investigation, Your Affiant identified Minor 2 as a female residing in

Ohio.  Minor 2 was 17 years old at the time she communicated online with MOURY and Minor

1.  On April 24, 2020, Minor 2 was interviewed by the FBI regarding her communications with

MOURY.  She reported that she met MOURY online on KIK, when she was about 16 or 17

years old and when MOURY would have been about 23 or 24 years old, and then transitioned to

communicating with him on Skype.  Minor 2 described that, on one occasion, MOURY used

Skype to livestream another minor girl performing oral sex on him.  MOURY later told Minor 2

that the girl was only 15 and her mom found out and called the cops.  On another occasion, Minor 2 recalled that MOURY asked her to put peanut butter on her vagina and record her dog licking it off and send it to him.  Minor 2 recalled sending MOURY pictures of herself in various stages of undress.  Minor 2 was asked to review a series of digital files that had been recovered during forensic examinations of MOURY's devices and Minor 1's cell phone for identification purposes, and Minor 1 positively identified herself in all of the images.  For purposes of this complaint warrant, only two images are being described in this affidavit, one of which is being included as background information and one of which, as detailed below, is the subject of **Count Two**.  Minor 2 positively identified the following digital files as taken at the direction of MOURY:

| Creation Date | Device | Description of Image |
|---|---|---|
| 02/18/2016 | MOURY's Apple iPhone 6s | Lascivious exhibition of Minor 2's genitals<br><br>**(Count Two – Manufacture/Attempted Manufacture of Child Pornography).** |
| 02/19/2016 | Minor 1's phone[1] | Close-up of Minor 2's vagina on Skype screen |

23.     In addition to the images of Minors 1 and 2 recovered from MOURY's Apple iPhone 6s, there were 23 still images of an additional minor female (hereinafter Minor 3).  These images depict Minor 3's vagina and, in some of the images, MOURY's fingers (with distinctive tattoos) are visible on the outside and inside of her vagina.  A review of the metadata associated

---

[1] Minor 1 reported that any images of Minor 2 recovered from her cell phone were sent to her by MOURY via messaging applications.  Minor 1 did not communicate directly with Minor 2, but only when facilitated by MOURY.

with these still images revealed that they were taken on January 4, 2014, January 5, 2014, January 6, 2014, and May 12, 2014, when Minor 3 would have been 17 years old and MOURY would have been 22 years old.  The images geolocate to a previous residence used by MOURY at 3xxx Sky Top Trail in Dover, Pennsylvania, in the Middle District of Pennsylvania.

24.     On April 28, 2016, Minor 3 was interviewed by a West Caln Township Police Detective and advised that she met MOURY online when she was a minor and engaged in sexual conduct with him.  She also reported that MOURY took pictures of her during their sexual acts. She described MOURY as interested in incest, and reported that he called her "daughter" and asked her to call him "daddy."

## CONCLUSION

25.     Based on the aforementioned factual information, Your Affiant respectfully submits that there is probable cause to believe that TYLER MOURY has committed violations of 18 U.S.C. § 2251(a), manufacture/attempted manufacture of child pornography, 18 U.S.C. § 2252(a)(2), distribution/attempted distribution of child pornography, and 18 U.S.C. § 2252(a)(4)(B), possession of child pornography.

*/s/ Jennifer A. Morrow*
_____
Jennifer A Morrow
Special Agent
Federal Bureau of Investigation

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 10th DAY
OF DECEMBER, 2020.

*/s/ Honorable Richard A. Lloret*
_____
HONORABLE RICHARD A. LLORET
United States Magistrate Judge

**Attachment A**

**Count One – Manufacture/Attempted Manufacture of Child Pornography, 18 U.S.C. § 2251(a)**

On or about February 7, 2016, in the Eastern District of Pennsylvania, the defendant, TYLER MOURY, employed, used, persuaded, induced, enticed and coerced Minor 1 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, and the visual depiction was produced using materials that had been mailed and shipped and transported in and affecting interstate and foreign commerce.

**Count Two – Manufacture/Attempted Manufacture of Child Pornography, 18 U.S.C. § 2251(a)**

On or about February 18, 2016, in the Eastern District of Pennsylvania, the defendant, TYLER MOURY, employed, used, persuaded, induced, enticed and coerced Minor 2 to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and attempted to do so, that is, by soliciting Minor 2 to photograph herself engaging in sexually explicit conduct and transmit the image to defendant MOURY via the Internet, and defendant MOURY knew and had reason to know that the visual depiction would be transported and transmitted using a facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, the Internet.

**Count Three – Distribution/Attempted Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2), (b)(1)**

On or about October 22, 2018, in the Eastern District of Pennsylvania, the defendant, TYLER MOURY, knowingly distributed visual depictions, using a means and facility of interstate and foreign commerce, that is, the Internet, and attempted to do so, and the producing of those visual depictions involved the use of a minor engaging in sexually explicit conduct, and the visual depictions were of such conduct.

**Count Four – Possession of Child Pornography, 18 U.S.C. § 2252(a)(4)(B)**

On or about December 17, 2018, in the Eastern District of Pennsylvania, the defendant, TYLER MOURY, knowingly possessed matter, that is, an Apple iPhone 6 and an LG Stylo 4 cell phone, which contained visual depictions that had been shipped and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce. The production of these visual depictions involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and the visual depictions were of minors engaging in sexually explicit conduct.